IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAYFE PATINO,<br><br>    Plaintiff,<br><br>  vs.<br><br>DOLLAR GENERAL CORPORATION,<br>AJA ATKINS, Individually and in her<br>official capacity; and HUNTER<br>BACKHAUS, Individually and in her<br>official capacity;<br><br>    Defendants. | 8:25CV420<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Mayfe Patino's Complaint filed on June 25, 2025. Filing No. 1. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Dollar General Corporation; Aja Atkins, individually and in her official capacity; and Hunter Backhaus, individually and in his official capacity. Plaintiff alleges she was employed at the Dollar General store in Blair, Nebraska, for 12 weeks, from November 20, 2024, to February 11, 2025. Filing No. 1 at 2.

Plaintiff claims she was hired into an exempt Human Resources (HR) Generalist role but was tasked with performing the duties of two other separate positions—HR assistant/front desk and Spanish-language translator, without additional pay or overtime. As a result, Plaintiff consistently worked

over 50 to 60 hours per week without additional compensation for hours exceeding 40 hours per week. She claims she asked for help and removal from translation duties, but the request was ignored. Filing No. 1 at 2-3.

On January 16, 2025, Plaintiff was issued a final disciplinary action for attending a pre-scheduled medical appointment. Filing No. 1 at 3.

Plaintiff alleges she experienced health-related symptoms that impacted her daily functioning and qualified her under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 to 12117. On February 4, 2025, she formally requested reasonable accommodations pursuant to the ADA, supported by a medical provider's documentation. Defendants failed to initiate any interactive process or provide accommodations. Filing No. 1 at 3.

Plaintiff submitted internal complaints on February 6 and February 9, 2025, detailing the discrimination, retaliation, ADA violations, and excessive workload. On February 11, 2025, Dollar General terminated Plaintiff's employment for the stated reason of poor job performance. Following Plaintiff's termination, defendants re-posted the position. Prior to her termination, Plaintiff had accumulated vacation time, but she was paid for that time only after escalating the issue to corporate investigators. Filing No. 1 at 3-4.

Defendant Hunter Backhaus then defamed Plaintiff to staff by falsely accusing her of deleting payroll records, causing serious reputational damage, career interference, and emotional distress. Filing No. 1 at 4.

Plaintiff's workers' compensation claim, short-term disability claim, and long-term disability application were all denied, despite substantial medical documentation. Filing No. 1 at 4.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging disability discrimination, failure to accommodate, and retaliation under the ADA, and the corresponding

2

Nebraska Fair Employment Practices Act (NFEPA), Neb. Rev. Stat. §§ 48-1101 to 1126. A right-to-sue letter was issued by the EEOC on May 27, 2025. This complaint is timely filed within 90 days of receipt, pursuant to 42 USC § 2000e-5(f)(l). Filing No. 1 at 3.

Plaintiff claims that because of defendants' conduct, she suffered significant emotional, financial, and physical harm, sleep deprivation, anxiety, marital breakdown, a damaged credit rating, loss of housing opportunities, and was forced to seek community assistance for housing, utilities, basic needs, and tuition for her minor child. Filing No. 1 at 4.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

3

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Plaintiff's complaint alleges she is entitled to recover from the defendants under the following federal laws:

- the ADA, including failing to provide reasonable accommodations, and the corresponding NFEPA provisions;

- Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, (for sex discrimination), and the corresponding NFEPA provisions;

- the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2611 to 2620; and

- the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 to 219;

and the following Nebraska laws:

- defamation per se;

- intentional infliction of emotional distress;

- wrongful termination in violation of public policy; and

- unlawful withholding of wages and benefits in violation of the Nebraska Wage Payment and Collection Act (NWPCA), Neb. Rev. Stat. §§ 48-1228 to 48-1236.

As explained hereafter, Plaintiff has failed to state a claim upon which relief may be granted.

## A. Claims Against Aja Atkins and Hunter Backhaus, in their individual and official capacities

While Plaintiff purports to allege official and individual capacity claims, she is not pursuing a claim against state actors. "Individual and official capacity" is a term of art. It has no application when discussing claims against non-governmental entities and employees who are not sued as state actors.

## B. Claims Under Federal Law

Dollar General is the sole defendant for Plaintiff's claims under the ADA, FMLA, Title VII, and FLSA. Atkins and Backhaus are not proper defendants on these claims. *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006). The same is true for Plaintiff's claim of wrongful termination against public policy under Nebraska common law, and her NWPCA claim.

### 1. ADA Claims

To prove disability discrimination, Plaintiff must show that (1) she was disabled within the meaning of the ADA; (2) she is both qualified and able, with or without accommodations, to perform the job; and (3) she was fired because of the disability. *Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370–71 (8th Cir. 2018). Plaintiff's complaint recites the ADA legal standards, but other than these conclusory statements, contains no facts explaining her alleged disability, how it impacted her ability to do her job, or the accommodations she allegedly needed or requested to perform her job. Plaintiff has failed to state an ADA claim.

## 2. Title VII: Sex Discrimination Claim

To prove she was terminated based on sex, Plaintiff must show she is a member of a protected class, was qualified to perform her job at Dollar General but was terminated, and there are facts showing the termination was due to her sex. *Butler v. Crittenden Cnty., Ark.*, 708 F.3d 1044, 1050 (8th Cir. 2013). Plaintiff has failed to allege any facts to support the elements of a sex discrimination claim.

## 3. Retaliation Claims

Plaintiff alleges she was retaliated against and fired for complaining about discrimination, retaliation, ADA violations, and excessive workload. To prove her retaliation case, Plaintiff must show: (1) she engaged in statutorily protected activity; (2) she was fired; and (3) a causal connection exists between the two events. Complaints about discrimination and ADA violations is protected activity, but complaints about excessive workload is not. Plaintiff does not allege any facts explaining the substance of her complaints. While the temporal proximity between Plaintiff's complaints and her termination provides an inference of retaliatory intent, *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1122 (8th Cir. 2006), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011), she has not adequately alleged that her complaints were statutorily protected activity. Plaintiff has failed to allege a claim for retaliatory firing in response to raising complaints of discrimination and violations of the ADA.

## 4. FMLA Claim

To prove a claim of FMLA interference, a Plaintiff must show she was eligible for FMLA leave, the employer knew she needed FMLA leave, and the employer denied her an FMLA benefit to which she was entitled. *Smith v. AS*

*Am., Inc.*, 829 F.3d 616, 621 (8th Cir. 2016). Plaintiff alleges no facts to support this claim.

### 5. FLSA Claim

Plaintiff alleges she was hired into an exempt position, required to perform non-exempt tasks in addition to the duties of the exempt position, and did not receive overtime pay. But these allegations do not, in and of themselves, state a FLSA claim. "Concurrent performance of exempt and nonexempt work does not disqualify an employee from the executive exemption if the requirements of § 541.100 are otherwise met." *Cort v. Kum & Go, L.C.*, 923 F. Supp. 2d 1173, 1180 (W.D. Mo. 2013). Plaintiff's complaint does not explain the job she was hired to do, the jobs that were allegedly tacked on for no additional pay, and the relative amount of time spent on each. *See, e.g., Auer v. Robbins*, 65 F.3d 702, 714 (8th Cir. 1995), *aff'd*, 519 U.S. 452 (1997). She has also failed to sufficiently allege facts supporting her claim for FLSA damages. Plaintiff's complaint fails to state an FLSA claim.

### C. Claims under Nebraska Law

#### 1. Defamation Per Se

Plaintiff alleges Backhaus defamed plaintiff. Under Nebraska law, Plaintiff must prove Backhaus made a false and defamatory statement about Plaintiff to a third party, that Backhaus was at least negligent in doing so, and either harm per se or the existence of special harm caused by the publishing of the statement. *Choice Homes, LLC v. Donner*, 976 N.W.2d 187, 202–03 (Neb. 2022). "Defamation is per se if the words are actionable in themselves because they (1) falsely impute the commission of a crime involving moral turpitude, (2) an infectious disease, or (3) unfitness to perform the duties of an office or employment, or if they prejudice one in his or her profession or trade or tend to disinherit one." *Palmtag v. Republican Party of Nebraska*, 999 N.W.2d 573, 597 (Neb. 2024).

7

Plaintiff's lawsuit rests on what precisely was said, when it was said, and to whom. And if Plaintiff seeks recovery from Dollar General for the statement(s), she must allege Backhaus' role when the statements were allegedly made. Plaintiff's complaint fails to state a defamation claim.

## 2. Intentional Infliction of Emotional Distress

Plaintiff requests recovery under Nebraska common law for intentional infliction of emotional distress.

> To state a cause of action for intentional infliction of emotional distress, a plaintiff must allege facts showing (1) that there has been intentional or reckless conduct, (2) that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it.

*Heitzman v. Thompson*, 705 N.W.2d 426, 430–31 (Neb. 2005). "Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of the particular case." *Heitzman*, 705 N.W.2d at 431.

Considered objectively, the conduct described in Plaintiff's complaint was not extreme and outrageous and she has not alleged extreme emotional distress. Plaintiff has failed to state a claim of intentional infliction of emotional distress.

## 3. Termination in Violation of Public Policy

Under Nebraska law, an employer may terminate an at-will employee—at any time and with or without a reason—without incurring liability unless the firing is constitutionally, statutorily, or contractually prohibited. However, an employee may recover damages for wrongful discharge if the motivation for

the firing contravenes a recognized public policy exception. *Dibbern v. York Surgical Assocs., P.C.*, 20 N.W.3d 90, 95 (Neb. 2025).

The Nebraska Supreme Court has only sparingly recognized public policy exceptions to the at-will employment doctrine. Recently, it clarified that a common-law claim for termination of employment in violation of public policy is unavailable if the statute that contains the public policy provides its own remedy. "[T]here is generally no compelling need to recognize an implied cause of action where a legislature has provided a means to enforce or vindicate the public policy at issue." *Id.* at 96.

Plaintiff appears to be alleging she was fired in violation of Title VII, the ADA, and the corresponding NFEPA statutes, and was retaliated against for complaining about ADA violations and discriminatory conduct. Since Title VII, the ADA, and NFEPA already provide a remedy for Plaintiff's termination in violation of the public policy expressed in these statutes, a common law public policy exception to Nebraska's at-will employment doctrine would be superfluous and does not exist. Plaintiff has failed to state a claim for wrongful termination in violation of public policy.

### 4. Wage Payment and Collections Act

Plaintiff states she is demanding recovery for unlawful withholding of pay and benefits. The Court interprets this claim as demanding payment of the wages and benefits Dollar General agreed to pay Plaintiff, as an exempt employee—a claim separate and distinct from Plaintiff's claim that she was not exempt and was therefore entitled to overtime pay under the FLSA.

Plaintiff does not allege that her wages and benefits as an exempt employee were not paid. She claims there was a delay in paying out her accumulated vacation time as of the date of her termination, but she was paid. Plaintiff has failed to allege a claim for unlawful withholding of earned pay and benefits.

### 5. Catchall Claims

Plaintiff alleges her workers' compensation claim, short-term disability claim, and long-term disability application were denied. She provides no facts explaining this statement. Moreover, this Court lacks jurisdiction to consider a workers' compensation claim. Plaintiff has failed to state a claim to recover workers' compensation and disability benefits.

## D. Discovery Motions

Plaintiff has filed two discovery motions: a motion to compel production of her personnel file and request for preservation order, Filing No. 6; and a motion for expedited discovery, Filing No. 7. Discovery in federal court begins when the Court permits it, and, except in rare circumstances, discovery is not permitted until after the defendant is aware of the lawsuit and given an opportunity to file an answer or other response to the complaint, the parties jointly submit a Rule 26(f) Report, and the Court enters a progression order. Plaintiff has not sufficiently explained why early and expedited discovery is necessary in this case. Her pre-service discovery motions, Filing Nos. 6 and 7, will be denied.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons discussed herein, the Complaint fails to state a claim upon which relief may be granted, but rather than dismissing the complaint at this time, Plaintiff will be afforded an opportunity to file an amended complaint.

Accordingly,

IT IS ORDERED

1.    Plaintiff's motion to compel production of her personnel file and request for preservation order, Filing No. 6, and her motion for expedited discovery, Filing No. 7, are denied.

2.    Plaintiff shall have until **November 10, 2025**, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

3.    The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

4.    The Clerk of Court is directed to set a pro se case management deadline using the following text: "**November 10, 2025**: check for amended complaint."

5.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 9th day of October, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge