IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAYFE PATINO,<br><br>        Plaintiff,<br><br>vs.<br><br>DOLLAR GENERAL CORPORATION, Dolgencorp, LLC; AJA ATKINS, Individually; and HUNTER BACKHAUS, Individually;<br><br>        Defendants. | **8:25CV420**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Mayfe Patino's amended complaint and supporting evidentiary index filed on November 10, 2025. Filing No. 9 & 10. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Dollar General Corporation, and Aja Atkins and Hunter Backhaus in their individual capacities. Plaintiff alleges she was employed as an HR Generalist at the Dollar General store in Blair, Nebraska from November 20, 2024, to February 11, 2025. Filing No. 10 at 7. Plaintiff was a high-performing, exemplary HR Generalist. During her employment at Dollar General, she submitted seven different internal complaints reporting ADA discrimination, retaliation, and a hostile work environment. Filing No. 10 at 7-8, 17-23, 59-83.

On December 30, 2024, Plaintiff received a disciplinary write-up from Backhaus, the HR Manager. The write-up stated Plaintiff was late to work on three days. Plaintiff denied she was late, explaining that on those days, she picked up items for Dollar General during her commute to work or was delayed due to weather. Plaintiff complained about the write-up to Atkins, the Director, on January 2, 2025. Atkins stated a meeting would be held, but it was cancelled later that morning. Filing No. 10 at 7, 9, 53-56, 73.

Plaintiff was again considered late on January 15, 2025, when she attended an Engagement Committee Event for Dollar General, even though Backhaus had previously approved her participation in the event. Filing No. 10 at 7, 24.

On January 16, 2025, Plaintiff attended a pre-scheduled medical appointment. Although she gave Backhaus a physician's note explaining her absence, Backhaus imposed discipline for being late. Plaintiff complained to Atkins and requested reasonable accommodations for her disability, specifically asking for a portion of her work to be redistributed to others. Atkins stated an interactive process was needed in response to the accommodations request, told Plaintiff to complete a reasonable accommodation form, and asked if Plaintiff disclosed any disabilities when applying for the position. Plaintiff stated she did not believe she had. Filing No. 10 at 7, 47-50, 91. When Plaintiff explained she was struggling because she was doing the workload of two jobs, Atkins responded that workload distribution would be discussed with the other staff. Filing No. 10 at 7.

According to her medical provider, Plaintiff had received treatment for "ADA qualifying disabilities" since December 7, 2021. Filing No. 10 at 13. Plaintiff again received medical care on January 23 and 28, 2025. Filing No. 10 at 15, 84, 87-89. The medical provider asked Dollar General to excuse

Plaintiff's absence from work and allow "flexibility to attend appointments to treat her medical condition, per ADA Guidelines." Filing No. 10 at 15; *see also* Filing No. 10 at 85.

On February 4, 2025, Plaintiff submitted a Formal Written ADA Accommodation Request, which mirrored the recommendations from Plaintiff's medical provider. Filing No. 1 at 3; Filing No. 10 at 14, 16. Dollar General never provided the requested accommodations or engaged in the interactive process. Instead, Backhaus became increasingly nitpicky, closely monitored Plaintiff's work, provided inconsistent and contradictory directives, and asked Plaintiff to perform additional HR Generalist work, including filing terminations and administrative work that was not within her job description. Filing No. 10 at 7, 44-45, 68.

Plaintiff submitted internal complaints on February 6 and February 9, 2025, detailing the discrimination, retaliation, ADA violations, and excessive workload. When Plaintiff met with Atkins on February 6, 2025, Atkins repeatedly asked if Plaintiff had disclosed her disabilities on her employment application. Filing No. 10 at 7. When Plaintiff returned from her lunch break on February 9, 2025, Backhaus reprimanded Plaintiff for returning late, pointing at her watch and yelling about all the work Plaintiff needed to get done. Backhaus also stated Dollar General would not grant Plaintiff's demand for a flexible schedule as a disability accommodation. Plaintiff complained to Atkins, stating she was being discriminated against and harassed by Backhaus; that a different HR Generalist was allowed a flexible schedule, but she was not. Plaintiff sent an email to HR, complaining about how she was being treated. Filing No. 10 at 8, 10, 59, 61, 64.

Dollar General terminated Plaintiff's employment on February 11, 2025, mere hours after she submitted her final internal complaint. Atkins told

3

Plaintiff that she was not getting her work done, and when Plaintiff pointed out that Atkins had agreed to redistribute the work, Atkins denied making such a promise. Filing No. 10 at 8.

Plaintiff claims she was hired into an exempt Human Resources (HR) Generalist role but was tasked with performing the duties of two other separate positions—HR assistant/front desk, and Spanish-language translator—without additional pay or overtime. As a result, Plaintiff consistently worked over 50 to 60 hours per week without additional compensation for hours exceeding 40 hours per week. She claims she asked for help and removal from translation duties, but the request was ignored. Filing No. 1 at 2-3; Filing No. 9 at 3; Filing No. 10 at 115-136.

Prior to her termination, Plaintiff had accumulated vacation time, but she was paid for that time only after escalating the issue to corporate investigators. The vacation time should have been paid on February 22, 2025, but she was not paid until March 21, 2025. Filing No. 9 at 3; Filing No. 10 at 35-37, 41.

After Plaintiff's termination, Backhaus falsely stated to Plaintiff's former colleagues that Plaintiff was terminated for deleting employees' direct deposit information. This false rumor damaged Plaintiff's professional reputation, interfered with her career, and caused severe emotional distress. Filing No. 9 at 4; Filing No. 10 at 138.

On February 11, 2025, Dollar General terminated Plaintiff's employment, for the stated reason of poor job performance. Filing No. 9 at 3.

Plaintiff claims that because of Defendants' conduct, she suffered significant emotional and financial harm Filing No. 9 at 4.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging disability discrimination, failure to

4

accommodate, and retaliation under the ADA, and the corresponding Nebraska Fair Employment Practices Act (NFEPA), Neb. Rev. Stat. §§ 48-1101 to 1126. A right-to-sue letter was issued by the EEOC on May 27, 2025. This complaint is timely filed within 90 days of receipt, pursuant to 42 U.S.C. § 2000e-5(f)(l). Filing No. 10 at 6-12.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the

essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff's complaint alleges she is entitled to recover from the defendants under the following federal laws:

- the ADA, including failing to provide reasonable accommodations, retaliation, a hostile work environment, and the corresponding NFEPA provisions;

- Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (for sex discrimination), and the corresponding NFEPA provisions;

- the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 to 219;

and the following Nebraska laws:

- defamation per se;

- Intentional Infliction of Emotional Distress (IIED);

- negligent supervision and retention; and

- unlawful withholding of wages and benefits in violation of the Nebraska Wage Payment and Collection Act (NWPCA), Neb. Rev. Stat. §§ 48-1228 to 48-1236.

## A. Federal Claims Against Atkins, and Backhaus, in their Individual Capacities

As the Court previously explained, Plaintiff is not pursuing a claim against state actors, so the terminology "individual capacity" has no application to Plaintiff's claims. Dollar General is the sole defendant for Plaintiff's claims under the ADA, Title VII, and FLSA. Atkins and Backhaus are not proper defendants on these claims. *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006). Plaintiffs' federal claims against Atkins and Backhaus must be dismissed.

### 1. ADA Claims

#### (a) Disability discrimination

To prove disability discrimination, Plaintiff must show that (1) she was disabled within the meaning of the ADA; (2) she is both qualified and able, with or without accommodations, to perform the job; and (3) she was fired because of the disability. *Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370–71 (8th Cir. 2018). The Court's order on initial review explained that while Plaintiff states she has a disability, the complaint "contains no facts explaining her alleged disability, how it impacted her ability to do her job, or the accommodations she allegedly needed or requested to perform her job." Plaintiff's amended complaint provides the listing of the accommodations Plaintiff requested.

However, as to the disability itself, Plaintiff merely provides a letter from a medical provider stating Plaintiff has an ADA-qualifying disability. This statement is insufficient to state an ADA claim. The Court must decide whether the allegations within a complaint allege a disability as defined under legal definition provided in the ADA. Even considered in conjunction with the initial complaint, Plaintiff's amended complaint contains no allegations

7

explaining what her disability is or how it impacts her life. Plaintiff has therefore failed to state an ADA claim, and it must be dismissed.

**(b) Hostile Work Environment**

Hostile work environment claims are actionable under the ADA. *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003). To prove such a claim, Plaintiff must show she is disabled as defined under the ADA, she was subjected to unwelcome harassment, she was harassed because of her disability, and the harassment was severe enough to affect the terms, conditions, or privileges of her employment. *Id.*

Plaintiff has not alleged she has a qualifying disability under the ADA, or harassment sufficiently severe to support a claim for hostile work environment. Plaintiff has failed to state a claims of hostile work environment in violation of the ADA.

**(c) Retaliation Claim**

A plaintiff need not have an ADA-qualifying disability to pursue an ADA retaliation claim. *Heisler v. Metro. Council*, 339 F.3d 622, 632 (8th Cir. 2003). To state a claim of retaliation in violation of the ADA, Plaintiff must (1) establish she was engaged in a protected activity, (2) suffered an adverse employment action, and (3) a causal connection exists between the first two elements. *Heisler*, 339 F.3d at 632.

Assuming the truth of all allegations within Plaintiff's amended complaint. Plaintiff alleges she advised Dollar General that she had a disability, her medical provider agreed she had an ADA-qualified disability, and she submitted to Dollar General a written request for accommodations supported by her medical provider. There was allegedly no interactive process to discuss whether the accommodations could be made. Instead, Plaintiff was

subjected to higher and excessive scrutiny and accused of being non-productive, and unlike the accommodation granted a co-worker with the same job title, her requests for more flexible schedule as an accommodation to attend medical appointments was rejected. She was disciplined after making requests for accommodations, and then, within hours of submitting her seventh complaint of ADA violations, her employment was terminated.

Plaintiff's alleged complaints about discrimination and ADA violations were protected activities. The alleged adverse actions in response to her complaints, along with the temporal proximity between Plaintiff's complaints and her discipline and ultimate termination provides an inference of retaliatory intent and a causal connection between her complaints and the adverse employment actions. *Smith v. Allen Health Sys., Inc.,* 302 F.3d 827, 832 (8th Cir. 2002). Plaintiff has sufficiently alleged a claim for retaliatory discipline and firing in response to raising complaints of discrimination and violations of the ADA, and for ADA accommodations.

## 2. Title VII Claim

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Even liberally construed, Plaintiff's complaint fails to state a claim for discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). She alleges discrimination, retaliation, and hostile work environment based only on disability. Plaintiff's allegations fail to state a Title VII claim.do not support a reasonable inference that Plaintiff was discriminated against in violation of

9

Title VII, nor do they provide fair notice of the nature and basis or grounds for such a claim.

### 3. FLSA Claim

Plaintiff alleges she was hired to perform an exempt position, and in addition to that job, was required to perform two non-exempt positions without receiving overtime pay. But these allegations do not, in and of themselves, state an FLSA claim. As the Court previously explained. Plaintiff's complaint does not explain the job she was hired to do, the jobs that were allegedly tacked on for no additional pay, and the relative amount of time spent on each. *See, e.g., Auer v. Robbins*, 65 F.3d 702, 714 (8th Cir. 1995), *aff'd,* 519 U.S. 452 (1997). While Plaintiff has filed supplements with the possible intent of better explaining her job at Dollar General, the notations within those supplemental filings do not sufficiently explain the responsibilities of the job described or the amount of time required to perform it. Plaintiff has failed to sufficiently allege facts supporting an FLSA claim.

## B. Claims under Nebraska Law

### 1. Defamation Per Se

Plaintiff alleges a claim against Backhaus only, claiming he defamed Plaintiff. Filing No. 9 at 4. Under Nebraska law, Plaintiff must prove Backhaus made a false and defamatory statement about Plaintiff to a third party, that Backhaus was at least negligent in doing so, and either harm per se or the existence of special harm caused by the publishing the statement. *Choice Homes, LLC v. Donner*, 976 N.W.2d 187, 202–03 (Neb. 2022). "Defamation is per se if the words are actionable in themselves because they (1) falsely impute the commission of a crime involving moral turpitude, (2) an infectious disease, or (3) unfitness to perform the duties of an office or employment, or if they

10

prejudice one in his or her profession or trade or tend to disinherit one." *Palmtag v. Republican Party of Neb.*, 999 N.W.2d 573, 597 (Neb. 2024).

Plaintiff's amended complaint alleges that after her employment was terminated, Backhaus falsely stated to her former co-workers that she was terminated for deleting employees' direct deposit information. This false statement indicates Plaintiff is unfit, professionally dishonest, lacks integrity and cannot be trusted to reliably perform her trade or profession. She alleges she is entitled to damages for defamation per se. Plaintiff's complaint states a defamation claim.

### 2. Intentional Infliction of Emotional Distress

Plaintiff requests recovery from Atkins and Backhaus only for intentional infliction of emotional distress. Filing No. 9 at 4.

> To state a cause of action for intentional infliction of emotional distress, a plaintiff must allege facts showing (1) that there has been intentional or reckless conduct, (2) that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it.

*Heitzman v. Thompson*, 705 N.W.2d 426, 430–31 (Neb. 2005). "Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of the particular case." *Heitzman*, 705 N.W.2d at 431.

Considered objectively, the conduct described in Plaintiff's amended complaint was not extreme and outrageous and she has not alleged extreme emotional distress. Plaintiff has failed to state a claim of intentional infliction of emotional distress.

11

### 3. Negligence

Plaintiff's amended complaint includes a paragraph entitled "COUNT VII: NEGLIGENT SUPERVISION AND RETENTION." Filing No. 9 at 4. To state a negligence claim under Nebraska law, a plaintiff must allege a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and resulting damages. *Lewison v. Renner*, 905 N.W.2d 540, 548 (Neb. 2018).

Here, Plaintiff alleges "[Dollar General] acted with gross negligence and reckless disregard by failing to properly supervise Atkins and Backhaus, and failing to implement or enforce internal policies despite having explicit, documented notice of their unlawful, harassing, and ADA discriminatory pattern of conduct via seven internal complaints." Filing No. 9 at 4. Plaintiff does not allege what harm was caused by this alleged negligence. Perhaps her allegation of failing to adequately supervise or train is meant to supplement her ADA retaliation claim, but as an independent negligence claim, it states, at most, duty and breach of duty. Plaintiff has failed to state a negligence claim.

### 4. Wage Payment and Collections Act

Plaintiff states she is demanding recovery under the Nebraska Wage Payment and Collections Act because Dollar General unlawfully delayed paying for her accrued vacation following her employment termination. But Plaintiff was paid within 30 days of when the payment was due. Plaintiff has failed to allege a claim for unlawful withholding of earned pay and benefits. Neb. Rev. Stat. § 48-1231 (1) ("An employee having a claim for wages which are not paid within thirty days of the regular payday designated or agreed upon may institute suit for such unpaid wages in the proper court.").

## C. Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff moves for immediate reinstatement to her former second-shift Human Resources Generalist position, or in the alternative, placement on paid administrative leave with full salary and benefits pending final adjudication. Plaintiff has an available action at law and has failed to show any threat of irreparable harm. Her motion for immediate injunctive relief will be denied.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons discussed herein, Plaintiff's claims against Aja Atkins must be dismissed for failure to state a claim. Except for Plaintiff's claim for defamation, her claims against Hunter Backhaus must be dismissed for failure to state a claim. Except for Plaintiff's claims for ADA retaliation, her claims against Dollar General must be dismissed for failure to state a claim. Plaintiff has stated a claim against Dollar General for ADA retaliation and against Backhaus for defamation.[1] Accordingly,

---

[1] The Court has considered whether the claim against Dollar General and against Backhaus are properly joined. Under Federal Rule of Civil Procedure 20(a), defendants may be joined as parties if (1) the right to relief against each defendant arises from the same transaction or occurrence or series of transactions or occurrences; and 2) some question of law or fact common to all the parties will arise in the action. The alleged defamation occurred after Plaintiff's termination but purportedly explained why she was fired to co-employees. The claims against Dollar General and Backhaus arise from the same series of events with a common factual question: Why was Plaintiff's employment terminated? The claims are properly joined.
But Plaintiff is forewarned that if the federal claim against Dollar General is dismissed, the Court may consider dismissing the claim against Backhaus for lack of subject matter jurisdiction because there are no facts indicating diversity jurisdiction exists.

IT IS ORDERED:

1. Plaintiff's claims against defendant Aja Atkins are dismissed. The Clerk shall terminate Aja Atkins as a defendant.

2. Except for the defamation claim, Plaintiff's claims against Hunter Backhaus are dismissed.

3. Plaintiff's claims against Dollar General for Title VII discrimination, ADA discrimination and hostile work environment, violation of the Fair Labor Standards Act, negligence, and violation of the Nebraska Wage Payment and Collections Act are dismissed for failure to state a claim.

4. This case shall proceed to service of process as to Plaintiff's claim of ADA retaliation against Dollar General and her claim against Hunter Backhaus for defamation.

5. The Clerk of the Court is directed to complete and issue a summons for service on Dolgencorp, LLC, d/b/a Dollar General, 100 Mission Ridge, Goodlettsville, TN 37072, and for service on Hunter Backhaus, 113 S 10th St., Fort Calhoun, NE 68023, and Hunter Backhaus, Dollar General, 1200 S 10th St., Blair NE 68008. The Clerk of the Court is further directed to deliver the summons, the necessary USM-285 Forms, a copy of Plaintiff's Amended Complaint, Filing No. 9, the evidentiary exhibit index, Filing No. 10, and this Memorandum and Order to the Marshals Service for service of process. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01.

6. For service by certified mail or designated delivery service, the Marshals Service shall serve Defendant within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[2]

8. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

9. The Clerk of Court is directed to set a case management deadline using the following text: **March 2, 2026**: deadline for service of process.

10. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Filing No. 12, is denied.

11. Because this non-prisoner case is proceeding to service of process, this case is removed from the pro se docket at the direction of the Court. The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 2nd day of December, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).