# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MAYFE PATINO,**<br><br>               **Plaintiff,**<br><br>vs.<br><br>**DOLLAR GENERAL CORPORATION,**<br>**and HUNTER BACKHAUS;**<br><br>               **Defendants.** | **8:25CV420**<br><br>**ORDER** |

       This matter comes before the Court on three motions filed by Plaintiff, proceeding pro se: Plaintiff's "Motion for Reasonable ADA Accommodations" (Filing No. 24); Plaintiff's Motion for Leave to File Second Amended Complaint (Filing No. 25); and Plaintiff's Request for Clerk's Entry of Default Against Hunter Backhaus (Filing No. 26).

       On June 25, 2025, Plaintiff, pro se, filed a Complaint against Dollar General Corporation, Aja Atkins, and Hunter Backhaus, asserting several claims arising out of her employment as an HR Generalist at the Dollar General store in Blair, Nebraska from November 20, 2024, to February 11, 2025. The Court conducted an initial review of the Complaint and found she had failed to state a claim, but provided her with an opportunity to file an amended complaint rather than dismissing it. (Filing No. 8). Plaintiff filed a First Amended Complaint (Filing No. 9) and accompanying exhibits (Filing No. 10) on November 10, 2025.

      Following the Court's initial review of Plaintiff's First Amended Complaint under 28 U.S.C. § 1915(e)(2), the Court dismissed Plaintiff's claims against Aja Atkins, dismissed the claims against Hunter Backhaus except for the claim for defamation, and dismissed Plaintiff's claims against Dollar General except for an ADA retaliation claim. (Filing No. 14). The Court dismissed Plaintiff's ADA claim because although she alleged she has an ADA-qualifying disability, her "amended complaint contains no allegations explaining what her disability is or how it impacts her life." (Filing No. 14 at p. 8). The Court therefore authorized the case to proceed to service of process as to Plaintiff's claim of ADA retaliation against Dollar General and her claim against Hunter Backhaus for defamation. (Filing No. 14 at p. 14). The United States Marshal served Hunter Backhaus on December 6, 2025, (Filing No. 17), and served a representative of Dollar General on December 8, 2025, (Filing No. 18). Both defendants filed timely answers on

December 29, 2025.[1]  (Filing No. 19; Filing No. 21).  Plaintiff has now filed three motions pending before the Court.

First, Plaintiff has filed a "Motion for Reasonable ADA Accommodations." (Filing No. 24).  Plaintiff asserts she "is an individual with documented disabilities that substantially limit major life activities, including concentration, executive functioning, information processing, and stress regulation," which "materially affect her ability to a. Interpret and implement complex procedural directives without clarification; b. Draft pleadings with the technical precision of licensed counsel absent accommodation; [and] c. Meet rigid procedural deadlines without reasonable flexibility."  Plaintiff therefore asks for the "reasonable accommodations" of "a. Liberal construction of pleadings consistent with pro se standards; b. Reasonable flexibility in deadlines where permitted by the Federal Rules of Civil Procedure; c. Clear identification of pleading deficiencies prior to dismissal where feasible; d. Leave to cure identified deficiencies through amendment where justice requires; [and] e. Permission to incorporate by reference evidentiary exhibits already filed on the docket pursuant to Federal Rule of Civil Procedure 10(c)." (Filing No. 24).

Plaintiff is, in large part, asking the Court to abide by well-established rules and the Court's ethical duties.  First, the oath of office that every United States Judge takes requires the judge to "faithfully and impartially discharge and perform all the duties incumbent upon him under the Constitution and laws of the United States" and to "administer justice without respect to persons, and do equal right to the poor and to the rich[.]"  28 U.S.C. § 453.  Rule 1 of the Federal Rules of Civil Procedure directs that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Rule 15 provides that courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Additionally, case law requires courts to "liberally construe" pro se litigants' pleadings and to hold pro se litigants to a less stringent standard than formal pleadings drafted by lawyers.  See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, to the extent that Plaintiff requests that the Court do more, Plaintiff has not made any showing additional "accommodations" are necessary.  The Court dismissed Plaintiff's ADA claim because she only alleged she has an ADA-qualifying disability without alleging facts

---

[1] Hunter Backhaus was served on a Saturday, December 6, 2025, and thus his answer was timely filed the next business day 21-days after service. See Fed. R. Civ. P. 6(a)(1).

sufficient to state she has "a disability as defined under legal definition provided in the ADA." (Filing No. 14 at p. 7). Pro se litigants are not excused from complying with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); see also *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); NEGenR 1.3(g) (providing that pro se parties "are bound by and must comply with all local and federal procedural rules."). Plaintiff may also consider obtained licensed counsel to represent her in this litigation. For the above reasons, Plaintiff's request for additional accommodations is denied.

Plaintiff also requests leave to file a second amended complaint to "cure the specific deficiencies" identified by the Court in its initial review by "a. Pleading additional factual detail regarding adverse employment actions; b. Clarifying protected activity, employer knowledge, causation, and damages; c. Separately stating ADA discrimination, failure to accommodate, hostile work environment, retaliation, wage-related claims, and related tort claims; [and] d. Incorporating by reference Plaintiff's previously filed evidentiary exhibits pursuant to Federal Rule of Civil Procedure 10(c)." (Filing No. 25). A court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, this Court's local rules require a party moving for leave to amend a pleading to "file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). While Plaintiff has identified what amendments she would like to add to a second amended complaint, Plaintiff did not provide a copy of her proposed amended pleading. The Court has previously provided Plaintiff with an opportunity to amend her complaint, and dismissed most of her claims for failure to state a claim. Under the circumstances, the Court will deny Plaintiff's motion for leave to amend, without prejudice to re-filing with an unsigned copy of the proposed amended pleading attached to the motion for the Court's review.

Finally, Plaintiff requests clerk's entry of default against Hunter Backhaus pursuant to Rule 55(a) of the Federal Rules of Civil Procedure because he "has failed to plead or otherwise defend this action." (Filing No. 26). However, Hunter Backhaus timely filed an answer and affirmative defenses to Plaintiff's first amended complaint on December 29, 2025, (Filing No. 21). Therefore, Plaintiff's request for default against Hunter Backhaus is denied. Accordingly,

3

**IT IS ORDERED:**

1. Plaintiff's "Motion for Reasonable ADA Accommodations" (Filing No. 24) is denied.
2. Plaintiff's Motion for Leave to File Second Amended Complaint (Filing No. 25) is denied, without prejudice to reassertion.
3. Plaintiff's Request for Clerk's Entry of Default Against Hunter Backhaus (Filing No. 26) is denied.

Dated this 6th day of January, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge